J-S51036-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HAROLD DICKSON, | : | |
| | : | |
| Appellant | : | No. 729 MDA 2019 |

Appeal from the PCRA Order Entered April 5, 2019
in the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0001667-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HAROLD DAVID DICKSON, | : | |
| | : | |
| Appellant | : | No. 730 MDA 2019 |

Appeal from the PCRA Order Entered April 5, 2019
in the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0001669-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HAROLD DAVID DICKSON, | : | |
| | : | |
| Appellant | : | No. 731 MDA 2019 |

Appeal from the PCRA Order Entered April 5, 2019
in the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0001666-2015

J-S51036-19

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
HAROLD DICKSON, :
:
Appellant : No. 732 MDA 2019

Appeal from the Order Entered April 5, 2019
in the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0001665-2015


COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
HAROLD DAVID DICKSON, :
:
Appellant : No. 733 MDA 2019

Appeal from the PCRA Order Entered April 5, 2019
in the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0001672-2015


BEFORE: PANELLA, P.J., GANTMAN, P.J.E., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED NOVEMBER 07, 2019**

Harold David Dickson ("Dickson") appeals, *pro se*, from the Order dismissing his second Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546. We quash the appeal.

In its Pa.R.Crim.P. 907 Notice of Intent to Dismiss, the PCRA court set forth the relevant factual background as follows:

- 2 -

On September 23, 2015, [Dickson] was found guilty by a jury[, at five docket numbers, of a total] of five (5) counts of delivery of a controlled substance and one (1) count of criminal use of a communication device. [Dickson] was sentenced on December 17, 2015[,] to an aggregate term of five (5) to eleven (11) years of incarceration…. [Dickson] filed a direct appeal, but his counsel filed an **Anders**[1] brief and [M]otion to withdraw on April 27, 2016. On June 29, 2016, [Dickson] filed an [A]pplication for discontinuance of his appeal, which was granted by [this] Court on July 5, 2016.

Prior to withdrawing his direct appeal, [Dickson] filed a timely *pro se* PCRA [P]etition on or about June 13, 2016[,] raising a claim of ineffective assistance of trial counsel. Following the appointment of counsel and a hearing on a limited number of issues raised, the [PCRA c]ourt provided [Dickson] [N] otice, dated April 20, 2017, pursuant to Pa.R.Crim.P. 907[,] of the intent to dismiss his PCRA [P]etition. [Dickson's] first PCRA [P]etition was ultimately dismissed by Order dated May 16, 2017. [Dickson] filed an appeal of the Order dismissing his PCRA [P]etition, but it was ultimately dismissed [by this Court] on September 29, 2017[,] for [Dickson's] failure to comply with Pa.R.A.P. 3517. [Dickson] filed his second *pro se* PCRA [P]etition on January 28, 2019[, listing all five docket numbers].

Rule 907 Notice, 3/14/19, at 1-2 (footnote added).

After providing Rule 907 Notice, the PCRA court dismissed Dickson's PCRA Petition, without a hearing, as untimely filed. Dickson filed five timely Notices of appeal, each containing all five docket numbers, with a different docket number circled on each Notice.[2] On June 3, 2019, this Court issued a Rule to Show Cause why Dickson's appeal should not be quashed, pursuant to

---

[1] **See Anders v. California**, 386 U.S. 738 (1967).

[2] The PCRA court ordered Dickson to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal. As of the date of this Memorandum, Dickson has not filed a Rule 1925(b) concise statement.

- 3 -

***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018).  On June 17, 2019, this Court issued an Order discharging the Rule to Show Cause, and referring the issue to the merits panel.

Pennsylvania Rule of Appellate Procedure 341(a) provides that "an appeal may be taken as of right from any final order of a … trial court." Pa.R.A.P. 341(a).  Additionally, the Official Note to Rule 341 directs that "[w]here … one or more orders resolves issues arising on more than one docket or relating to more than one judgment, *separate notices of appeal must be filed*."  ***Id.***, Official Note (emphasis added).

In ***Walker***, ***supra***, our Supreme Court clarified that "[t]he Official Note to Rule 341 provides a bright-line mandatory instruction to practitioners to file separate notices of appeal."  ***Id.*** at 976-77.  Accordingly, the ***Walker*** Court held that the failure to comply with the dictates of Rule 341 and its Official Note would result in quashal of the appeal.  ***Id.*** at 977; ***see also id.*** (indicating that the Court's holding would be applied prospectively only, as "[t]he amendment to the Official Note to Rule 341 was contrary to decades of case law….").

The ***Walker*** Opinion was filed on June 1, 2018.  Here, Dickson filed his Notices of appeal on April 29, 2019.  Accordingly, Dickson's Notices of appeal are subject to the mandates of ***Walker***.  ***See Walker***, 185 A.3d at 977.

However, unlike in ***Walker***, Dickson filed five Notices of appeal, one at each docket number, each listing all five docket numbers, with a different

docket number circled on each Notice. In a recent decision, this Court, applying **Walker**, held that "we may not accept a notice of appeal listing multiple docket numbers, even if those notices are included in the records of each case. Instead, a notice of appeal may contain only one docket number." **Commonwealth v. Creese**, 2019 PA Super 241, at *2 (filed Aug. 14, 2019).[3] Because Dickson's Notices of appeal each contain multiple docket numbers, we are constrained to quash the appeal. **See id.** at 2-3.[4]

Appeal quashed. Jurisdiction relinquished.

President Judge Panella joins the memorandum.

---

[3] The fact that a different docket number was circled on each of Dickson's Notices does not provide him relief. In **Creese**, this Court quashed the appellant's appeal where each notice of appeal contained multiple docket numbers, even though each of the appellant's notices of appeal had a different docket number highlighted. **Creese**, 2019 PA Super 241, at *2-3; **see id.** at *4 (Strassburger, J., dissenting) (noting that each of the appellant's notices had a different docket number highlighted).

[4] Our review discloses that Dickson never filed a court-ordered Pa.R.A.P. 1925(b) concise statement. Thus, even if we did not quash Dickson's appeal, his claims are waived. **See Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005) (stating that "[a]ny issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived."). Moreover, Dickson's PCRA Petition is facially untimely, as it was filed on January 28, 2019, more than two years after the date Dickson discontinued his direct appeal. **See Commonwealth v. McKeever**, 947 A.2d 782, 785 (Pa. Super. 2008) (holding that a defendant's judgment of sentence becomes final for PCRA purposes when appeal is discontinued voluntarily); 42 Pa.C.S.A. § 9545(b)(1) (stating that any PCRA Petition "shall be filed within one year of the date the judgment becomes final," unless the petitioner pleads and proves one of three enumerated exceptions). Dickson has failed to successfully plead or prove any of the three timeliness exceptions. Accordingly, Dickson's PCRA Petition is untimely.

P.J.E. Gantman files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/07/2019